# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

DEXTER SULLIVAN,                          :
                                          :
                    Plaintiff,            :          Civ. No. 17-7977 (FLW) (LHG)
                                          :
          v.                              :          **OPINION**
                                          :
JOSEPH L. RHEA, et al.,                   :
                                          :
                    Defendants.           :
_____  :

**FREDA L. WOLFSON, U.S.D.J.**

## I.      INTRODUCTION

The plaintiff, Dexter Sullivan ("Sullivan"), was a pretrial detainee at the Middlesex

County Adult Correctional Institution at the time this action was filed.  He is proceeding *pro se*

with a civil rights complaint filed under 42 U.S.C. § 1983.  This Court previously granted

Sullivan leave to proceed *in forma pauperis*.  (ECF No. 4.)

The Court must now review the complaint under 28 U.S.C. § 1915(e) and 28 U.S.C. §

1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state

a claim upon which relief may be granted, or because it seeks monetary relief from a defendant

who is immune from suit.  For the following reasons, Sullivan's conspiracy claim against Russell

J. Curley will be dismissed with prejudice; however, the malicious prosecution claim against him

is dismissed without prejudice.  Sullivan's claims against Judge Joseph L. Rhea are dismissed

with prejudice.

## II.      BACKGROUND

The factual allegations of the complaint will be construed as true for the purposes of this

opinion.  The complaint names as defendants Judge Joseph L. Rhea of the Superior Court of

New Jersey, Criminal Division, Middlesex County and Russell J. Curley, an Assistant Prosecutor in the Middlesex County Prosecutor's Office. (Compl., ECF No. 1.)

It appears that in or around April 2017, Sullivan's attorney filed on his behalf a motion to dismiss Indictment No. 16-10-01566, under which he was charged with crimes unknown to this Court. (*Id.* ¶ 6.) Sullivan claims that Curley submitted his brief in opposition to that motion on April 27, 2017. (*Id.*) Thereafter a motion hearing was scheduled before Judge Rhea for June 2017. (*Id.*) It appears that the motion hearing was adjourned several times during 2017, and, at the time the complaint in this matter was filed, had been scheduled for December 2017. (*Id.*)

Sullivan claims that no reason was provided for adjourning the motion hearing and that he objected on the record to the adjournments. (*Id.*) Sullivan asserts that Judge Rhea adjourned the motion in an attempt to "garner guilty pleas by compromising due process rights to be heard by electing to arbitrarily ignore meritorious motions." (*Id.*) Sullivan alleges that Curley conspired with Judge Rhea to deny him his due process rights and further claims that Curley abused the grand jury process by not presenting evidence of probable cause to support the indictment against Sullivan. (*Id.* ¶ 4.)

Sullivan seeks an order compelling Judge Rhea to hold a hearing on his motion to dismiss the indictment and removing Judge Rhea and Curley from his case "for their unprofessional conduct." (*Id.* ¶ 7.)[1]

### III.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66

---

[1]     According to the New Jersey Department of Corrections Inmate Locator, a publicly available website, it appears Sullivan was sentenced on October 5, 2018, to a mandatory minimum term of 4 years imprisonment on one count of burglary, N.J.S.A. 2C:18-2A(1)(3). As the criminal proceeding has concluded, the sole relief for injunction sought by Sullivan, in connection with his claims, seems to be moot.

to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B) or (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017) (per

curiam).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.    DISCUSSION

Sullivan brings his complaint pursuant to 42 U.S.C. § 1983.  A plaintiff may bring a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  That section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person under color of state law.  *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Sullivan's § 1983 claims against Judge Rhea are dismissed based on judicial immunity.  "A judicial officer in the performance of his or her duties has absolute immunity from suit." *Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007).  Moreover, the 1996 amendments to § 1983 explicitly bar the granting of injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity."  42 U.S.C. § 1983; *see also Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006).  The injunctive relief sought by Sullivan—an order

compelling Judge Rhea to hold a motion hearing and removing Judge Rhea from the state court matter—directly relates to Judge Rhea's conduct as a judicial officer. Accordingly, Sullivan's claims against Judge Rhea must be dismissed on the basis of judicial immunity with prejudice.

Unlike judges, prosecutors are not immune from suit under § 1983 for injunctive relief. *Blakeney v. Marsico*, 340 F. App'x 778, 779 (3d Cir. 2009). Nevertheless, for the following reasons, Sullivan's claims against Curley are dismissed as the complaint fails to state a claim.

The Court construes the complaint as setting forth two claims against Curley: (1) for conspiring with Judge Rhea to deprive Sullivan of his due process rights and (2) for malicious prosecution. To state a claim for civil conspiracy under § 1983, a plaintiff must allege that "persons acting under color of state law conspired to deprive him of a federally protected right." *Perano v. Twp. Of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.2d 238, 254 (3d Cir. 1999)). While "direct evidence of a conspiracy is rarely available . . . [,] allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184-85 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)); *see also Startzell v. City of Philadelphia, Pa.*, 533 F.3d 183, 205 (3d Cir. 2008).

Here, Sullivan's claim for conspiracy against Curley must be dismissed because he has failed to allege facts in support of either element of a conspiracy. The complaint is devoid of any factual allegations to show that there was any agreement between Judge Rhea and Curley; nor does Sullivan allege any actions taken by Curley in furtherance of that conspiracy. The mere conclusory allegation that Curley conspired with Judge Rhea is insufficient to state a claim for conspiracy to deprive plaintiff of his due process rights. *See Twombly*, 550 U.S. at 556-57

(holding that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to state a claim for conspiracy).

The complaint also fails to state a claim for malicious prosecution. A claim for malicious prosecution under § 1983 requires that a plaintiff allege:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (alteration in original) (quoting *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007)). The complaint does not allege these elements. But, more fundamentally, this claim must be dismissed because Sullivan has not, nor can he allege, that the criminal proceeding ended in his favor. Indeed, based solely the allegations of the complaint, the criminal proceeding against Sullivan is still pending.[2] *See, e.g.*, *Edwards v. New Jersey*, No. 08-5617, 2009 WL 3261951 (D.N.J. Oct. 7, 2009) (holding that "the ongoing nature of the criminal proceeding against Plaintiff is fatal to his § 1983 claim for malicious prosecution at this time"). This claim is dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, Sullivan's claims against Judge Rhea are dismissed with prejudice as this defendant is immune from suit. Sullivan's conspiracy claim against Curley is dismissed with prejudice; however, the malicious prosecution claim is dismissed without

---

[2]     As I stated earlier, however, it appears that Sullivan has since been sentenced, which presumably adversely ended his criminal proceeding. As such, notwithstanding the allegations in the complaint, Sullivan cannot state a claim for malicious prosecution.

prejudice.  An appropriate order will be entered.


DATED:  October 23, 2018                              /s/ Freda L. Wolfson
                                                      FREDA L. WOLFSON
                                                      United States District Judge